IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


UNITED STATES OF AMERICA    )
   )
  v.       )   CRIMINAL ACTION NO.
   )    1:12cr188-MHT
CHARLES DEAN PARTIN     )      (WO)


OPINION AND ORDER

This cause is before the court on defendant Charles Dean Partin's motion to continue made on January 18, 2013.  The government does not oppose Partin's request. For the reasons set forth below, the court finds that jury selection and trial, now set for March 18, 2013, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance.  § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Partin in a speedy trial.  On November 16, 2012, the government added, in a superseding

indictment, a charge of transporting a minor across state lines for the purpose of committing statutory rape.  The initial indictment charged only transporting a stolen motor vehicle across state lines.  After the new charge was added, the trial date was not changed, although the charge significantly added to the amount of preparation necessary for trial.  Most importantly, the added charge created the need for DNA testing, which both Partin and the government have represented will require additional time.

                                   ***

    Accordingly, it is ORDERED as follows:

    (1) Defendant  Charles  Dean  Partin's  motion  for
        continuance (Doc. No. 53) is granted.

    (2) The jury selection and trial, now set for March
        18, 2013, are reset for July 15, 2013, at 10:00
        a.m.,  at  the  federal  courthouse  in  Dothan,
        Alabama.

    DONE, this the 25th day of January, 2013.

                          /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE