IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr188-MHT |
| CHARLES DEAN PARTIN | ) | (WO) |

OPINION AND ORDER

Defendant Charles Dean Partin is charged with transporting a minor across state lines for purposes of committing statutory rape in violation of 18 U.S.C. § 2423(a) and transporting a stolen motor vehicle across state lines in violation of 18 U.S.C. § 2312.  This cause is now before the court on the question of whether Partin has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  See 18 U.S.C. § 4241(a).  During the hearing held on this date, the parties agreed to submit the

matter to the court for resolution based on the evidence in the record, without submission of additional evidence.

This court previously determined that Partin was competent to stand trial. <u>See</u> Order of June 12, 2013 (Doc. No. 130). In doing so, it relied on the June 3, 2013 report by Dr. Guy J. Renfro, Ph.D., a licensed clinical psychologist. Dr. Renfro concluded that Partin was competent to stand trial, stating in relevant part:

> "Mr. Partin has a good understanding of the charges against him. He appreciates that these are potentially serious charges. He had an appropriate knowledge of possible sentences or outcomes that could occur if he were found guilty of these charges. He had a realistic appraisal of possible results of the current criminal case.... Mr. Partin appears to have the intellectual and verbal skills to challenge prosecution witnesses. He did not display any self-defeating motivation. He was able to describe how he as a defendant should act in a courtroom. He does appear to have the capacity to testify relevantly if called upon to do so.... In summary, ... [t]here were no indications of any mental disorder or psychiatric condition that would prevent him from functioning

2

>
> in the role of a defendant in a criminal case."

Psychological Evaluation submitted by Dr. Guy J. Renfro, Ph.D. dated June 3, 2013 (Doc. No. 122). The court agreed, finding Partin competent at that time.

Subsequently, certain troubling behavior cast doubt on Partin's mental health. Specifically, Partin reportedly tried to injure himself while in custody in an apparent suicide attempt. Therefore, the court committed Partin to the custody of the Attorney General for evaluation pursuant to 18 U.S.C. §§ 4241 and 4247.

Partin received a second psychiatric evaluation from August 15 to October 29, 2013, by Dr. Judith Campbell, Ph.D, a forensic psychologist. See 18 U.S.C. § 4241(b). Dr. Campbell's November 25 report concurred with Dr. Renfro's conclusion that Partin is currently competent to stand trial. Dr. Campbell's report stated:

> "A finding of incompetency to stand trial requires the defendant to be suffering from a mental disease or defect rendering him unable to understand the nature and consequences

>     of the proceedings against him or to
>     assist properly in his defense. Mr.
>     Partin is not suffering from such a
>     condition. Data gathered by the
>     examiner suggested that Mr. Partin is
>     intelligent and capable of understanding
>     his legal situation, navigating the
>     legal system, and consulting with his
>     attorney, should he so choose."

Psychological Evaluation submitted by Dr. Judith Campbell, Ph.D, dated November 25, 2013 (Doc. No. 156)

Based upon the two psychological evaluations and pursuant to 18 U.S.C. § 4241(a), the court finds that Partin is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED that defendant Charles Dean Partin is declared mentally competent to stand trial in this cause.

DONE, this the 6th day of December, 2013.

                                      /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE