IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr188-MHT |
| CHARLES DEAN PARTIN | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Charles Dean Partin's motion to continue made on February 25, 2014. The guardian ad litem (court-appointed to represent a minor witness) and government counsel do not oppose Partin's request. For the reasons set forth below, the court finds that jury selection and trial, now set for March 24, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(D) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance.  § 3161(h)(7)(B)(ii).  The Act also excludes delays "resulting from any pretrial motion."  § 3161(h)(1)(D).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Partin in a speedy trial. On January 31, 2014, the court appointed Chris Newlin as an expert witness and instructed him to file a report with the court in relation to the guardian ad litem's motion to permit the minor witness in this case to testify at trial by closed-circuit video. Newlin will meet with the minor at least once and quite possibly several times; the parties have indicated that in light of the minor's past experiences, it may take several months before Newlin can gain the minor's trust. Once the evaluation is complete, Newlin will need time to prepare a report, and the court will need time to consider the report and permit the parties an opportunity to be heard prior to resolving the guardian's motion. Given these circumstances, a continuance is appropriate.

***

Accordingly, it is ORDERED that:

(1) Defendant Charles Dean Partin's motion to continue (doc. no. 203) is granted.

(2) The jury selection and trial, now set for March 24, 2014, are reset for June 30, 2014, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 3rd day of March, 2014.

    /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**